UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-00011 |
| | ) | Chief Judge Haynes |
| YENNIER CAPOTE GONZALEZ | ) | |

*[handwritten notation: ORDER — For the reasons stated in open court, this motion is GRANTED. /s/ 2-15-13]*

MOTION OF THE GOVERNMENT FOR
A SENTENCING GUIDELINES OBSTRUCTION OF JUSTICE ENHANCEMENT

The United States of America (the Government), by and through its undersigned attorney, hereby moves for the imposition of a United States Sentencing Guidelines (U.S.S.G.) Obstruction of Justice enhancement pursuant to U.S.S.G. §3C1.1. The Government submits that an obstruction of justice enhancement is warranted because defendant committed perjury with respect to the prosecution of this case.

U.S.S.G. §3C1.1 provides for a 2 level upward adjustment if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct . . . increase the offense level by 2 levels."

The Application Notes to §3C1.1 provide examples of the type of conduct covered by the section. For example, in Note 4(B) it is stated that: "committing, suborning, or attempting to suborn perjury. . ." is a type of conduct to which the obstruction enhancement applies. Indeed, it has long been settled that "a defendant's right to testify does not include the right to commit perjury." *United States v. Washington,* 702 F.3d 886, 896 (6th Cir. 2012) quoting *United States v. Dunnigan,* 507 U.S. 87, 96 (1993). Another example of the type of conduct to which the obstruction adjustment is